## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BENJAMIN ARTHUR LANGS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-458-G** |
| | ) | |
| **OKLAHOMA CRIME** | ) | |
| **VICTIMS COMPENSATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Defendant Oklahoma Crime Victims Compensation Board's Motion to Dismiss (Doc. No. 21), seeking dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Benjamin Arthur Langs Jr., appearing pro se,[1] did not respond to Defendant's Motion within the time allowed. *See* LCvR 7.1(g).[2]

Plaintiff initiated this action against Defendant on June 3, 2022. *See* Compl. (Doc. No. 1). In his Complaint, Plaintiff alleges that he was the victim of a shooting in Oklahoma City, Oklahoma, and seeks damages from Defendant in the amount of $40,000.00. *See id.* at 1. Citing the Eleventh Amendment, Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter

_____

[1] The Court construes Plaintiff's filings liberally due to his pro se status.

[2] As no response was filed to Defendant's Motion, the Court deems the factual representations made therein confessed. *See* LCvR 7.1(g).

jurisdiction.³  Defendant argues that Plaintiff's Complaint should be dismissed because, as an agency of the State of Oklahoma, Defendant is immune from suit.  *See* Def.'s Mot. at 5.

The defense of sovereign immunity deprives the Court of subject-matter jurisdiction where applicable.  *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).  "Because sovereign immunity affects subject matter jurisdiction, the defense may properly be asserted by a motion to dismiss under Rule 12(b)(1)."  *White v. United States*, No. CIV-16-1265-D, 2017 WL 4681796, at *2 (W.D. Okla. Oct. 17, 2017).

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  "A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack."  *Bollenbach v. United States*, No. CIV-19-233-G, 2020 WL 1550196, at *2 (W.D. Okla. Mar. 31, 2020) (citing *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015)).  Here, Defendant advances a facial attack, arguing the allegations in Plaintiff's Complaint are not sufficient to support subject-matter jurisdiction.  *See* Def.'s Mot. at 5.  "In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true."  *Bollenbach*, 2020 WL 1550196, at *2.  Plaintiff, as the party asserting federal jurisdiction, bears "the burden of alleging the facts essential to show jurisdiction

---

³ Defendant also seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Because the Court concludes that dismissal is warranted under Rule 12(b)(1), the Court need not reach Defendant's arguments for dismissal under Rule 12(b)(6).

and supporting those facts with competent proof." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotation marks omitted).

"[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). "A [s]tate, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). In addition, "Congress may abrogate a state's sovereign immunity." *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (internal quotation marks omitted).

As an agency of the State of Oklahoma, Defendant is plainly entitled to sovereign immunity as to Plaintiff's damages claims. *See id.* at 1168; Def.'s Mot. at 5. Plaintiff's Complaint, even liberally construed, does not address jurisdiction or articulate a basis for this Court to find a waiver of sovereign immunity or an abrogation of the State's immunity by Congress. Further, Plaintiff has not responded to Defendant's Motion within the time allowed to assert that such a waiver or abrogation exists. Accordingly, Plaintiff's claims are barred by the Eleventh Amendment and must be dismissed.

CONCLUSION

For the reasons stated above, Defendant Oklahoma Crime Victims Compensation Board's Motion to Dismiss (Doc. No. 21) is GRANTED. Plaintiff's Complaint (Doc. No. 1) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2023.


CHARLES B. GOODWIN
United States District Judge